IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ETZEL, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

HOOTERS OF AMERICA, LLC,

    Defendant.

CIVIL ACTION NO.
1:15-CV-1055-LMM

## ORDER

The Court has reviewed the parties Motion for Preliminary Approval of Class Settlement [54] and has some concerns which would be addressed, if the following changes are made:

1. Replace para. C(4)(a) of the Settlement Agreement with the following: "Notice will be provided to the Class Members in *three* ways. *First*, notice will be by written mail (post-card) pursuant to addresses determined from a look-up on the telephone numbers using a historic look-up process designed to identify the owner of the telephone number on January 28, 2015. The Claims Administrator will use multiple databases to determine addresses and names of the cellular telephone owners at the time the text message was sent. *Second*, to notify the persons whose addresses are unable to be located, the Class Administrator will place online

advertisements targeting adult cell phone owners 18 years of age and over on Google Display and Facebook networks, for a total purchase of at least 15 million impressions. *Third*, HOA will provide actual notice to all Class Members who have already filed suit regarding this subject matter as of the Preliminary Approval date by filing a Notice of Class Action Settlement in those suits—at least 14 days prior to the Objection Deadline—which satisfies the Notice requirement below. This requirement only applies to suits in which HOA has been served at least 21 days prior to the Objection Deadline." See Dkt. No. [54-2] at 12-13;

2. Add the following language to para. C(4)(i) of the Settlement Agreement, "HOA shall also file an affidavit that it has filed, 14 days prior to the Objection Deadline, a Notice of Class Action Settlement in all other cases which were filed and served by Class Members regarding this subject matter as set out in paragraph C(4)(a). If no such cases exist, HOA shall file an affidavit to that effect." See Dkt. No. [54-2] at 17; and,

3. Replace para. 7 of the Proposed Order with the following language: "**Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Notice, the Notice Plan as described in the Settlement Agreement, the Notice Form, and Claim Form attached to the Settlement Agreement as Exhibits B and C, as amended by the Court, satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be

made without further order of the Court. The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to Section C4 thereof. HOA is ordered to notify any Class Members who have filed and served actions regarding this subject matter 14 days prior to the Objection Deadline as outlined in the Settlement Agreement." See Dkt. No. [54-5] at 7.

The parties should confer about the Court's proposed changes and file amended versions of these documents within 14 days of this Order, if they agree with the Court's proposal. If the parties do not consent to these changes, the parties should contact the Court's Courtroom Deputy within 14 days to schedule a telephonic conference regarding the issue.

**IT IS SO ORDERED** this 10th day of August, 2017.

*[signature]*
**Leigh Martin May**
**United States District Judge**