IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL ETZEL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HOOTERS OF AMERICA, LLC,

Defendant.

CIVIL ACTION FILE NO.
1:15-cv-01055-LMM

**ORDER GRANTING**
**PRELIMINARY APPROVAL OF SETTLEMENT**

This matter came before the Court on the Plaintiff's Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement.

On April 8, 2015, after thorough research of the issues by Counsel, the Plaintiff filed a complaint, on behalf of himself and all others similarly situated, against Hooters of America, LLC ("HOA") arising out of HOA's text message to Plaintiff and thousands of customers on January 28, 2015 (the "Text Message") which the Plaintiff alleges he and other recipients did not consent to receive. The Complaint asserted that the HOA violated the TCPA in sending the Text Message to Plaintiff and others similarly situated, and asserted a claim for violation of the

TCPA seeking statutory damages, and a claim for injunction requesting that HOA be enjoined from contacting the Plaintiff and others again in a manner that violates the TCPA. Defendant denies liability and specifically denies (a) that it used an "automatic telephone dialing system," (b) did not have the requisite consent send the Text Message, (c) that the conduct violated the TCPA because of an alleged one call "safe harbor," (d) that Plaintiff has suffered any concrete injury, and (e) that Plaintiff can obtain class certification, among other defenses.

In this litigation, Plaintiff's counsel have defended two motions to dismiss, a motion to stay, and a motion to strike. Plaintiff's counsel have conducted third-party discovery, discovery (formal and informal) with HOA. Accordingly, Plaintiff's counsel have conducted a thorough examination, investigation, and evaluation of the relevant law, facts and allegations sufficient to assess the merits of the claims and HOA's liability and defenses. Plaintiff, with Plaintiff's Counsel, and HOA, with its counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations, in which the Parties have agreed to settle the Action pursuant to the terms of the Settlement, and subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the Settlement which, if approved, will result in dismissal of the Action with prejudice.

The Court having reviewed the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement" or "Settlement"), and all prior proceedings herein, and good cause appearing based on the record,

IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

> "Class" means the owners of the approximately 54,955 telephone numbers that are claimed to have been sent a text message without prior consent on behalf of Hooters' mClub on or about January 28, 2015. Excluded from the Class is the judge presiding over this matter, any members of her judicial staff, the officers and directors of HOA, and persons who timely and validly request exclusion from the Class.

The Action is provisionally certified as a class action for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e). The Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately

protect the interests of the Settlement Class as the Settlement Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2. **Settlement Class Representative and Settlement Class Counsel.**

The Plaintiff is designated and appointed as the Settlement Class Representative. The Court finds that the Settlement Class Representative is similarly situated to absent Class Members and therefore typical of the Class and that he will be an adequate Settlement Class Representative. The Court finds that the Plaintiff's counsel are experienced and adequate and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g): Carr & Weatherby, LLP, Weinberg Wheeler Hudgins Gunn & Dial, LLC, and the Law Offices of David Ghattas.

3. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds that the proposed Settlement is fair, reasonable and adequate to warrant

providing notice of the Settlement to the Class and, accordingly, it is preliminarily approved.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391.

5. **Final Approval Hearing.** A Final Approval Hearing shall be held on the 2nd day of February, 2018, at 9:00am EST, in Courtroom: 2107 of the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Dr., SW, Atlanta, Georgia 30303-3309, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3) and (e); (b) the Settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representative for a Service Award (the "Service Award Request") should be approved.

Plaintiff's motion for final approval of the Settlement, the Service Award Request, and Fee Request shall be filed with the Court at least 30 days prior to the Final Approval Hearing.

6. **Administration.** The Court appoints KCC LLC as the Claims Administrator, with responsibility for class notice and claims administration. HOA shall pay all costs and expenses associated with providing notice to Settlement Class Members including, but not limited to, the Claims Administrator's fees. These payments shall be made separate and apart from the Settlement Fund, subject to Section E of the Settlement Agreement.

7. **Notice to the Class.** The proposed Notice Program set forth in the Settlement Agreement, and the Notice, the Notice Plan as described in the Settlement Agreement, the Notice Form, and Claim Form attached to the Settlement Agreement as Exhibits B and C satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and (e)(1) and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement, including but not limited to Section C4 thereof.

Within 30 days from the Date of this Order (the "Notice Deadline"), the Claims Administrator shall complete Notice in the manner set forth in Section C4

of the Settlement Agreement the Notice Program and posting of Notice on the Settlement Website.

Within 7 days after the Notice Deadline, the Claims Administrator shall provide Settlement Class Counsel and HOA with one or more affidavits confirming that the Notice Program and posting of Notice on the Settlement Website were completed in accordance with the Parties' instructions and the Court's approval. Settlement Class Counsel shall file such affidavit(s) with the Court as an exhibit to or in conjunction with Settlement Class Representative's motion for final approval of the Settlement.

8. **Findings Concerning Notice.** The Court finds that the form, content and method of giving notice to the Class as described in Paragraph 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice;

and (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

9. **Injunction.** The Court approves the proposed injunction attached as Exhibit A to the Settlement Agreement. Class Counsel shall file the proposed injunction as an exhibit or in conjunction with Settlement Class Representative's motion for final approval of the Settlement and, if the Settlement is granted final approval, the Court will enter the injunction at that time.

10. **Class Action Fairness Notice.** Within 10 days after the filing of the motion for preliminary approval, HOA shall serve or cause to be served a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11. **Exclusion from Class.** Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written notification of the intent to exclude himself or herself from the Settlement Class to the Claims Administrator at the address provided in the Notice, postmarked no later than 60 days after the Notice Deadline (the "Opt-Out Deadline"). The written notification

must include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature.

The Claims Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may move to file under seal with the Court no later than 10 days prior to the Final Approval Hearing.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders and judgments in this matter, including but not limited to the Release set forth in the Final Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Parties relating to the claims and transactions released in the Settlement Agreement. All Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

12. **Objections and Appearances.** A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Service Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is provided to the Claims Administrator as specified in the Claims form by the Objection Deadline (which is 60 days after the Notice Deadline). Objections will be lodged with the Court at least 10 days in advance of the Final Approval Hearing. To be valid, the objection must also set forth:

a. the name of the Action;

b. the objector's full name, address, and telephone number;

c. an explanation of the basis upon which the objector claims to be a Class Member;

d. all grounds for the objection, accompanied by any legal support for the objection;

e. the identity (if any) of all counsel representing the objector who will appear at the Final Approval Hearing;

f. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

g. the objector's signature on the written objection. Any Settlement Class Member filing an objection may be required to sit for a deposition regarding matters concerning the objection.

Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement, the Service Award Request, or the Fee Request.

If Final Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in the Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Service Awards Request, or the Fee Request.

13. **Claims Process and Distribution and Allocation Plan.** Settlement Class Representative and HOA have created a process for assessing and determining the validity, tier, and payment of claims for Settlement Class Members

who submit a timely, valid claim form. The Court preliminarily approves this Plan as Described in the Settlement Agreement, including Sections E and F, and directs that the Claims Administrator effectuate the Plan according to the terms of the Settlement Agreement.

Settlement Class Members who qualify for and wish to submit a claim form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If Final Judgment is entered, all Settlement Class Members who qualify for a Gift Card benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the claim form shall be forever barred from receiving the Gift Card benefit, but in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Agreement, and the Final Judgment. Failure to submit a Claim Form will not affect the Class Member from receiving the benefit of the injunction.

14. **Termination of Settlement.** This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is rescinded in accordance with the Settlement Agreement. In such event, the Settlement and

Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

15. **Use of Order.** This Order shall be of no force or effect if Final Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against HOA of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

16. **Stay of Proceedings**. Except as necessary to effectuate this Order, the Consumer Actions and all deadlines set by the Court in the Action are stayed and suspended pending the Final Approval Hearing and issuance of the Final Judgment, or until further order of this Court.

17. **Continuance of the Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further

written notice to the Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator.

18. **Summary of Deadlines.** The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

Notice Deadline: September 21, 2017

Claims Deadline: December 20, 2017

CAFA Notices: August 19, 2017

Opt-Out/Objection Deadline: November 20, 2017

Motion for Final Approval: December 20, 2017

Replies in Support of Final Approval, Service Awards, and Fee Requests: on or before January 19, 2017

Final Approval Hearing: February 2, 2018 at 9:00 a.m. EST, Courtroom No. 2107, Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303

SO ORDERED, This 22nd day of August, 2017.

Leigh Martin May
United States District Judge